# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

NAOMI COLLINS, Personal Representative of the
Estate of Edward Collins, Jr., Deceased,

    Plaintiff,

v.                                                     Case No. 10-13344

NATIONAL GENERAL INSURANCE COMPANY,
a/k/a GMAC INSURANCE,

    Defendant.
                                                  /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On September 8, 2010, Plaintiff filed a motion to amended the complaint that would join two additional defendants, both citizens of the State of Michigan. Plaintiff is a citizen of the State of Michigan, so the amendment would destroy complete diversity of the parties and deprive this court of jurisdiction. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

## I. BACKGROUND

On July 29, 2009, Edwards Collins, Jr., was riding a motorcycle when he was struck and killed by a car driven by Calvin Smith. Smith was intoxicated at the time of the accident. The vehicle Smith was attempting to drive was owned by Dorothy Lee Berrien, and it was or had been insured by Citizens Insurance Company in her name. In a letter dated September 14, 2009, Citizens informed Plaintiff Naomi Collins that it was "denying Personal Injury Protection . . . because there was no coverage on the

date of loss." (Pl. Mot. Ex. A.) Plaintiff brought suit against Smith and Berrien in Wayne County Circuit Court. Plaintiff then sought recovery from Defendant National General Insurance Company ("National General") under the decedent's uninsured motorist insurance coverage. National General denied the applicability of the policy provisions covering uninsured motorists. Plaintiff brought a separate suit against National General in Wayne County Circuit Court, and National General timely removed on August 24, 2010. Thereafter, a dismissal without prejudice was entered in Plaintiff's suit against Smith and Berrien. On September 8, 2010, Plaintiff filed the instant motion to amend the complaint by introducing two new counts against Smith and Berrien.

## II. STANDARD

As a general matter, amendments to pleadings are governed by Federal Rule of Civil Procedure 15. As amended in 2009, Rule 15 allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one days of a defendant's answer or motion under Rule 12. Fed. R. Civ. P. 15(a)(1)(B). Courts generally have no discretion to reject timely filed motions to amend complaints. When a case has been removed and the amendment would strip the court of jurisdiction through the joinder of additional parties, however, Congress has left the decision to the discretion of the courts. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" of the parties, such that no plaintiff is a citizen of the same state as any defendant. *Jerome-*

*Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Where a case originally filed in state court has been removed to federal court pursuant to 28 U.S.C. § 1441 and where jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332, amendment of the complaint to join nondiverse parties will destroy the court's jurisdiction and necessitate remand to the state court. 28 U.S.C. § 1447(e); *Curry v. U.S. Bulk Transport*, 462 F.3d 536, 541 (6th Cir. 2006); *New Cannon Clocks v. U.S. Fidelity & Guaranty*, 904 F.Supp. 621 (E.D. Mich. 1995). In such cases, there is an inherent tension between the right to amend a complaint once as a matter of course under Rule 15(a) and the discretion conferred by § 1447(e). It was established before the amendment to Rule 15, however, that the court has discretion under § 1447(e) to deny amendments that would join nondiverse parties, notwithstanding the general standards of amendments to pleadings in Rule 15. *J. Lewis Cooper Co. v. Diageo N.Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005). Nothing in the amendment has upset this area of the law.

In reviewing a motion to amend a complaint under § 1447(e), the courts in this district have considered the four *Hensgens* factors.[1] *See Wells v. Certainteed Corp.*, 950 F.Supp 200, 201 (E.D. Mich. 1997) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *see also J. Lewis Cooper Co.*, 370 F.Supp.2d at 618; *Siedlik v. Stanley Works, Inc.*, 205 F.Supp.2d 762, 765 (E.D. Mich. 2002). The

---

[1] The Sixth Circuit has provided little guidance on this matter because decisions allowing amendment to join nondiverse parties require remand, and such remand is not reviewable. *See* U.S.C. § 1447(d), (e); *Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 637 (6th Cir. 2008).

*Hensgens* factors are (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed and (4) any other equitable factors. *Id.* The court must now consider these factors as they relate to Plaintiff's motion to amend the complaint.

## III. DISCUSSION

Upon consideration of the *Hensgens* factors, the court finds the proposed amendment would be inappropriate. The first factor weighs particularly heavily in the court's decision. It appears the primary effect of the motion would be to defeat jurisdiction, necessitating remand of the case to state court. As both Plaintiff and National General have noted repeatedly, the unamended complaint involves a simple contract dispute. Whether Plaintiff has presented a meritorious claim against National General is a matter of contract law. Plaintiff's second amended complaint would involve two additional parties and claims founded entirely in tort law. Because of this rather clean division of the parties and claims, joining the claims against Smith and Berrien would offer little advantage in judicial economy.

Most damaging to Plaintiff's assertion that these additional defendants are necessary to the litigation is her own decision to bring a separate suit against National General in the Wayne County Circuit Court. Although Plaintiff has adequately explained the reasons for bringing two separate cases against National General and Smith and Berrien, these reasons operate with no less effect after removal. By pursuing two separate cases in the state courts, Plaintiff had already accepted whatever slight risk

4

may exist of inconsistent judgments or issues of collateral estoppel. Having previously determined that the action against National General was not so related to that against Smith and Berrien as to merit joinder in the state courts, Plaintiff will not be heard here to say that the two actions are so necessarily intertwined as to justify denying National General its right of access to the federal courts.

Nor do National General's affirmative defenses raise sufficient issues of the liability of Smith and Berrien to support the contention that the proposed defendants are now necessary parties. National General has admitted that the affirmative defenses noted by Plaintiff were included merely out of an overabundance of caution and a distrust of Federal Rule of Civil Procedure 15. To the extent that liability between Smith and the decedent could potentially become an issue in the determination of the claim against National General, it was already an issue before National General filed its answer and affirmative defenses. Again, it is difficult to discern any benefit from or ascribe any motive to Plaintiff's motion aside from a desire to destroy jurisdiction. Therefore, this factor militates against permitting amendment.

For similar reasons, Plaintiff will not be significantly injured by the continuation of two separate cases. The primary issue is not whether Plaintiff would have been wise to have joined the two cases at an earlier point but rather whether she would be subject to any significant legal detriment by the refusal to permit amendment to the complaint. Because the amendment does not seek to add any party or claim that had not already been properly before a court of competent jurisdiction, Plaintiff will not be deprived of any substantive legal rights relating to any party or any claim. The case against Smith

and Berrien in Wayne County Circuit Court was dismissed without prejudice, and Plaintiff may renew the complaint against those parties in that court.  Plaintiff argues that maintaining two cases creates a risk of inconsistent judgments and raises issues of collateral estoppel.  Although not trivial concerns, they do not significantly injure Plaintiff in this instance for the reasons discussed above.  The likelihood of any prejudice is minimal, and the issues involved in the claims are largely distinct.

Although Plaintiff's purpose in moving to amend the complaint may be suspect, it cannot be said that she engaged in any undue delay in amending the complaint.  Indeed, Plaintiff filed the motion within the period of 21 days after National General's answer during which amendment are generally allowed as a matter of right under Rule 15(a).  Plaintiff served National General with the complaint on August 13, 2010, and National General removed to this court eleven days later.  When Plaintiff filed this motion to amend the complaint on September 8, 2010, less than one month had passed from the date of service of the complaint.  It is not the case that Plaintiff seeks to surprise National General on the eve of trial or otherwise work a hardship upon National General by the timing of this motion.

Moving quickly, however, is insufficient to counterbalance the lack of good cause for the amendment.  This motion to amend the complaint is not needed to join necessary parties or avoid significant prejudice to Plaintiff.  Nor will denial of the motion work any undue hardship or detriment on Plaintiff.  Any administrative efficiency gained by consolidating these cases would be minute, and it is unclear than judicial efficiency would be served by bringing these disparate causes of action into one court.  The only

certain effect—indeed, the only likely effect—of permitting joinder of Smith and Berrien would be the destruction of complete diversity of the parties. As this motion seems primarily aimed at defeating the otherwise proper jurisdiction of this court, the court will deny the motion and reject Plaintiff's second amended complaint.

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's motion to amend complaint [Dkt. # 6] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2010, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-13344.COLLINS.Deny.Amd.Complaint.nkt.wpd