UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAOMI COLLINS, Personal Representative of the
Estate of Edward Collins, Jr., Deceased,

    Plaintiff,

v.                                              Case No. 10-13344

NATIONAL GENERAL INSURANCE COMPANY,
a/k/a GMAC INSURANCE,

    Defendant.
                                               /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the court are cross-motions for summary judgment filed by Plaintiff Naomi Collins and Defendant National General Insurance Company. Plaintiff initially filed an action for breach of insurance contract in Wayne County Circuit Court, and Defendant timely removed on August 24, 2010. On November 10, 2010, Plaintiff moved for summary judgment, requesting a determination that the vehicle which struck Plaintiff's decedent was an "uninsured motor vehicle" within the terms of the applicable insurance contract. After a stay for proceedings in the Michigan courts, Defendant likewise moved for summary judgment on February 25, 2011, requesting a determination that there was no uninsured motor vehicle by the terms of the insurance contract. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Plaintiff's motion.

## I. BACKGROUND

On July 29, 2009, Edwards Collins, Jr., was riding a motorcycle when he was struck and killed by a car driven by Calvin Smith. Smith was intoxicated at the time of the accident. The vehicle Smith was attempting to drive was owned by Dorothy Lee Berrien, who had insured it in her name under a policy written by Citizens Insurance Company of the Midwest ("Citizens Policy"). At the time of the accident Plaintiff's decedent was insured under an uninsured motorist policy written by Defendant ("UIM Policy"). (Def. Mot. Ex. 1.) Following the accident, Citizens discovered numerous material misrepresentations by Berrien and rescinded the Citizens Policy entirely and retroactively. (Pl. Mot. Ex. F.) Plaintiff sought personal injury protection benefits from Citizens, which were denied. In a letter dated September 14, 2009, Citizens informed Plaintiff Naomi Collins that it was "denying Personal Injury Protection (PIP) benefits . . . because there was no coverage on the date of loss." (Def. Mot. Ex. 7.) Plaintiff also brought suit against Smith and Berrien in Wayne County Circuit Court. Although Citizens defended Plaintiff, it eventually moved for summary disposition and reformation of its policy to provide only the coverage for Plaintiff's claims mandated by statute. *Citizens Ins. Co. v. Jackson*, Case No. 10-007334-CK (Wayne Cnty. Cir. Ct. Jan. 11, 2011); (Def. Mot. Ex. 10). On January 11, 2011, the Wayne County Circuit Court granted Citizens' motion, reforming the Citizens Policy to provide coverage of no more than the minimum required under Michigan law for Plaintiff's claims against Smith and Berrien, pursuant to Mich. Comp. Laws § 257.520(f)(1).

Prior to Citizens' motion in the state-court action, Plaintiff submitted a claim for uninsured motorist coverage benefits from Defendant. Defendant denied coverage

under the UIM Policy, asserting that Berrien's vehicle was not uninsured because Michigan law prohibits Citizens from rescinding the minimum required coverage with respect to an innocent third party following injury. Mich. Comp. Laws § 257.520(f)(1). Plaintiff commenced the instant case against Defendant in Wayne County Circuit Court, and Defendant timely removed to this court on August 24, 2010. Both parties moved for summary judgment. Plaintiff contends that Citizens denied coverage, thereby permitting recovery under the uninsured motorist coverage in the UIM Policy. Defendant contends that the January 11, 2011, order of the Wayne County Circuit Court effects coverage of Plaintiff's claims, thereby foreclosing the possibility of recovery under the uninsured motorist coverage. The court must now interpret the terms of the UIM Policy to determine whether the vehicle which struck Plaintiff's decedent was an "uninsured motor vehicle" as defined by the insurance contract between the parties.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Once the moving party has made that showing, the nonmoving party cannot rest on its pleadings, but must identify specific facts that can be established by admissible evidence that demonstrate a genuine issue for trial." *Highland Capital, Inc. v. Franklin Nat. Bank*, 350 F.3d 558, 564(6th Cir. 2003).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III.  DISCUSSION

At their most concise, the parties' cross-motions present only one question: did Citizens deny coverage?  The undisputed facts show that Plaintiff's decedent was covered by an uninsured motorist policy written by Defendant, that he was covered by the policy when struck and killed by an intoxicated motorist, that the intoxicated motorist was driving a car insured by Citizens, that Citizens rescinded the policy after the collision, that Citizens initially denied any coverage for liability to Plaintiff, and that Citizens eventually recognized a statutory obligation to cover Plaintiff's claim.  From these agreed facts, Plaintiff argues that the initial denial by Citizens effected an irreversible denial of coverage, rendering the uninsured motorist coverage applicable.  In contrast, Defendant argues that Citizens' eventual recognition that it was legally obligated to cover Plaintiff's claim vacates the earlier denial, rendering the uninsured motorist coverage inapplicable.  The parties' other arguments are wholly without support.

Starting with the policy issued to Plaintiff by Defendant, there is no dispute that the policy applied with full effect at the time of the accident.  Nor is there a dispute regarding the material facts.  Instead, the parties contest the interpretation of the contract terms, which is a question of law to be decided by the court where the terms are unambiguous.  *See Citizens Ins. Co. v. Pro-Seal Serv. Group, Inc.*, 730 N.W.2d 682, 684 (Mich. 2007); *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 28 (Mich. 2005); *Klapp v. United Ins. Group Agency, Inc.*, 663 N.W.2d 447, 451 (Mich. 2003).  Whether the terms are ambiguous is also a question of law for the court.  *Farm Bureau Mut. Ins.*

*Co. v. Nikkel*, 596 N.W.2d 915, 918 (Mich. 1999).  The policy at issue included uninsured motorist coverage, the applicability of which is the sole dispute in this case.

As uninsured motorist insurance is not required in Michigan, the scope of such insurance must be determined exclusively from the terms of the contract between the parties under general principles of contract law.  *Citizens Ins.*, 730 N.W.2d at 685; *Rory*, 703 N.W.2d at 29; *Rohlman v. Hawkeye-Security Ins. Co.*, 502 N.W.2d 310, 313 (Mich. 1993).  Where the terms of an insurance contract are unambiguous, courts must enforce the terms of the contract as written—neither implying what is absent nor excising what is present.  *Rory*, 703 N.W.2d at 26; *Henderson v. State Farm Fire & Cas. Co.*, 596 N.W.2d 190, 193-94 (Mich. 1999).  To the furthest extent possible, "courts must also give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory."  *Klapp*, 663 N.W.2d 447, 453 (Mich. 2003).  It is not within the province of the courts to create ambiguity where none exists, nor to "rewrite the agreement of the parties under the guise of interpretation."  *In re Estate of Seitz*, 397 N.W.2d 162, 164-65 (Mich. 1986) *quoting Vigil v. Badger Mut. Ins. Co.*, 109 N.W.2d 793, 795 (1961).  Undefined terms within a contract are accorded their common meaning.  *Bloomfield Estates Improvement Ass'n v. City of Birmingham*, 737 N.W.2d 670, 675 (Mich. 2007).  Therefore, the court must carefully consider the precise language of the UIM Policy.

Pursuant to the UIM Policy, Defendant agreed to pay Plaintiff "compensatory damages which [Plaintiff] is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury'" to Plaintiff's decedent resulting from

an accident. (Pl. Mot. Ex. A at Part C, § A.) In relevant part, the crucial term "uninsured motor vehicle" is defined as follows:

> "Uninsured motor vehicle" means a land motor vehicle or trailer of any type . . . [t]o which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company . . . denies coverage.

(Pl. Mot. Ex. A at Part C, § C.)

The Citizens Policy unquestionably applied as a bodily injury liability policy at the time of the accident. It is undisputed that Citizens did not rescind the policy until it discovered material misrepresentations in the course of its investigation *following* the accident. (Pl. Mot. Ex. F; Def. Mot. Br. at 3.) Nor is it disputed that the Wayne County Circuit Court order granting summary disposition to Citizens expressly excepted Plaintiff's claim from the voiding, *ab initio*, of the Citizens Policy. *Citizens Ins. Co. v. Jackson*, Case No. 10-007334-CK (Wayne Cnty. Cir. Ct. Jan. 11, 2011); (Def. Mot. Ex. 10, ¶ 3). Specifically, the Circuit Court ordered: "With respect to defendant herein Collins, only, this Court orders pursuant to MCLA 500.3009(1) and MCLA 257.520(g) that the statutory minimum coverage limits of $20,000/40,000 and no more than $20,000 is available in connection with the *Collins v. Smith* lawsuit." *Id.* Plaintiff argues that the later recision and reformation of the Citizens Policy renders it inapplicable at the time of the accident, relying upon *Integon National Insurance Company v.Berry*, Case Nos. 289320, 289366, & 291175, 2010 WL 1138023 (Mich. Ct. App. Mar. 25, 2010), an unpublished opinion of the Michigan Court of Appeals interpreting similar contractual language. Although the *Integon* court found a policy must be enforceable to be applicable, it appears to have completely read the crucial phrase "at the time of the accident" out of the contract. *Id.* at *11. Such an interpretation directly violates the well-

7

established rule in Michigan and elsewhere that courts must give meaning to all terms in a contract to the extent possible.  *See, e.g.*, *Klapp*, 663 N.W.2d at 453; *Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 781 n.11 (Mich. 2003); *Singer v. Goff*, 54 N.W.2d 290, 292 (Mich. 1952); *F.H. McClintock Co. v. Truxell Sales & Serv.*, 297 N.W.493, 494 (Mich. 1941); *Plano Mfg. Co. v. Ellis*, 35 N.W.841, 843 (Mich. 1888).  In *Integon*, the court found that the failure of the insured to provide notice of the accident and lawsuit to the insurer absolved the insurer of all liability under Mich. Comp. Laws § 257.520(f)(6) and rendered the policy inapplicable.  *Integon*, 2010 WL 1138023, at *7, *11.  The court went further, however, and decided that the failure to notify the insurer *after the accident* rendered the policy inapplicable *at the time of the accident.  Id.* at *11.  This court declines to follow that ruling, finding that binding precedent of the Michigan Supreme Court precludes the holding in *Integon*.  *See Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 302 (6th Cir. 2008) (in deciding cases under diversity jurisdiction, federal courts must apply state law).

Turning now to the fundamental dispute between the parties, the court must interpret the undefined term "denies coverage."  Plaintiff contends that any refusal—no matter how transient—to pay a claim under a bodily injury liability policy effects a denial of coverage.  Under this reading, even a scrivner's error resulting in a letter denying coverage would suffice to permit recovery under the UIM Policy, even if the denial were followed within days by a corrected determination of coverage.  Defendant takes the equally untenable position that the UIM Policy covers only those situations where another insurer cannot ever be brought to provide coverage.  It contends that any

eventual determination of coverage—even if obtained by court order after years of litigation—necessarily forecloses the possibility of the insurer denying coverage.

Fortunately, the facts of the instant case are not as extreme as either position. Citizens clearly refused to cover its policyholders against Plaintiff's claims and repeatedly denied that the Citizens Policy covered Plaintiff's claims. However, Citizens belatedly recognized the statutory obligation to cover personal injury claims brought by innocent strangers to its insurance contract under Mich. Comp. Laws § 257.520(f)(1). Although Citizens fought against coverage throughout the process, it was eventually forced to concede liability for statutorily mandated minimum coverage.

It is useful to consider the counterfactual that should have taken place following the accident. Had Citizens simply reformed the contract to exclude all coverage except for Plaintiff's claims to the extent required by § 257.520(f)(1), the court would have no difficulty in finding for Defendant. Prompt acknowledgment of statutorily-mandated coverage would perfectly comport with the ordinary course of events just as surely as if the Citizens Policy had been valid with bodily injury coverage at the lowest level required by law. Plaintiff would then be unable to pursue a claim under the UIM Policy because the injuring vehicle would have been insured to the extent required by Michigan's Financial Responsibility Act, Mich. Comp. Laws § 257.501, *et seq.* Under the proposed counterfactual, Citizens never denied coverage, nor would there be any other basis in the UIM Policy for uninsured motorist coverage. This is not the case at hand, however, so the earlier denials of Citizens must be accorded due weight.

The above counterfactual clarifies a key point of the contractual basis of the parties' arguments: the eventual reformation of the Citizens Policy is immaterial to the

issue of whether Citizens denied coverage.  The UIM Policy contains no express or implied reference to coverage eventually provided by an insurer of a supposedly uninsured motorist, regardless of whether such coverage might be mandated by Michigan law or voluntarily honored by the insurer.  Also conspicuously absent from the UIM Policy are any references to the propriety or legal grounds of a denial of coverage.  The inclusion or exclusion of modifying terms in a contract is of no small consequence.  As Defendant notes, a denial of coverage need not be proper in order to trigger the uninsured motorist policy provisions under the contract as written.  (Def. Mot. Br. at 17.)  All that is required by the contract drafted by Defendant is that Citizens "denies coverage" with respect to Plaintiff's claims.

      This court cannot say whether an insurer could in some situations undo its denial of coverage.  Such is not the situation in this case.  Citizens consistently denied coverage between September 14, 2009, and November 18, 2010.  Although Citizens did defend its policyholders against Plaintiff in a related action, Citizens unequivocally denied coverage to Plaintiff.  It then filed suit for a declaratory judgment rescinding the Citizens Policy, and only in the alternative did it seek reformation under § 257.520(f)(1).  Although an insurer need not accept all claims presented without requiring proof of liability on the part of its insured, the position of Citizens unambiguously denied coverage based upon its rescission of the Citizens Policy.  In its letter of September 14, 2009, Citizens informed Plaintiff that it was "denying Personal Injury Protection (PIP) benefits . . . because there was no coverage on the date of loss." (Denial Letter, Def. Mot. Ex. 7.)  Time passed.  On June 24, 2010, Citizens initiated a declaratory judgment action to adjudicate the recision or reformation of the Citizens Policy.  More time

passed.  More than a year after its letter denying any coverage for Plaintiff's claims, on November 18, 2010, Citizens moved for summary disposition to reform the policy to cover only Plaintiff's claims.  (Citizens Motion for Summary Disposition, Def. Mot. Ex. 6.) Denial of coverage for more than one year, while taking legal action to avoid all liability for coverage, is inconsistent with Defendant's assertion that Citizens never denied coverage.  A denial is a denial, regardless of its legitimacy or finality.  The UIM Policy might have required a final denial, a valid denial, or a legally enforceable denial. Instead, it required only a denial.  Insurance contracts at their core allocate risks between the parties.  The unambiguous and plain language of the policy in this case allocates the risk of an invalid denial of coverage to the insurer.

The cases upon which Defendant relies are unpersuasive.  Plaintiff's right to recover from Citizens pursuant to § 257.520(f)(1) places her in the same position as though the Citizens Policy were not voidable but Citizens nonetheless denied coverage without cause.  The only case applying Michigan law and reasonably on point presented by either party is *Hill v. Wall Street Systems, Inc.*, Case No. 234455 (Mich. Ct. App. May 27, 2003).  This unpublished opinion does hold that a vehicle cannot be insured and uninsured at once, but the court in that case dealt only with generalities.  Abstracting to the general issue of whether the torfeasor was insured, as done in *Hill*, is inappropriate in this case because the term at issue is unambiguously defined and because its interpretation is the fundamental issue of the case.  Where a contract defines a term, the contractual definition of the defined term controls over the common usage of the term.  *Farm Bureau Mut. Ins. Co. of Michigan v. Nikkel*, 596 N.W.2d 915, 919-20 (Mich. 1999); *Group Ins. Co. of Michigan v. Czopek*, 489 N.W.2d 444, 447 (Mich. 1992).

Whether a vehicle is "uninsured" as the term is colloquially used is irrelevant where the term is defined within the contract. There exists a monetary value of time and a time value of money. Improper nonpayment for some months or years following submission of a valid claim is a risk the parties are free to allocate by contract, *ex ante*. This risk is highly correlated with, but not identical to, the risk of actual lack of insurance. By its unambiguous terms, the UIM Policy allocates the risk that an insurer will improperly deny coverage to Defendant through the definition of "uninsured motor vehicle." Although of little assistance in the instant matter, cases from other jurisdictions interpreting similar contract terms tend to support Plaintiff's position that even a legally unfounded denial of coverage suffices to permit a claim for uninsured motorist coverage. *See Moore v. State Farm Mut. Auto. Ins. Co.*, 397 S.E.2d 127, 128-29 (Ga. Ct. App. 1990) (contrasting policy provisions "legally denied coverage" and "denies coverage"); *State Farm Mut. Auto. Ins. Co. v. Talley*, 329 So. 2d 52, 55-56 (Miss. 1976) (quoting treatise on uninsured motorist coverage for the proposition that a denial need not be valid in order for uninsured motorist coverage to apply); *St. Paul Mercury Ins. Co. v. Am. Arbitration Assoc.*, 229 A.2d 858, 860 (Pa. 1967) (actual coverage liability immaterial where defined term in contract requires only a denial of coverage).

The reformation of the Citizens Policy ordered by the Wayne County Circuit Court does not alter the foregoing analysis. Regardless of eventual recovery from Citizens, the UIM Policy does not require Plaintiff to litigate a denial of coverage through the courts to a final resolution in a court of final appeal. An uninsured motorist insurance policy could require such action by the insured before presenting a claim to her own insurer, but the policy in this case does not so require. Where an insurer

improperly denies coverage, the remedy to Defendant is to pay over benefits to its insured and subrogate the insured's claims against the insurer that has denied coverage. (Pl. Mot. Ex. A at Part F.) Although this court will not speculate on the remedies to Defendant against Citizens, it is not clear that Defendant has no recourse against Citizens for its denial of coverage. The court must decide the case before it, and that case presents the question of whether Citizens denied coverage for any liability of its insured for the accident involving Plaintiff's decedent. Under the unambiguous language of the contract and the undisputed facts presented to the court, Citizens denied coverage. Therefore, the vehicle which struck Plaintiff's decedent was an "uninsured motor vehicle" within the terms of the UIM Policy.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's motion for summary judgment [Dkt. # 13] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 22] is DENIED.

Finally, IT IS ORDERED that the parties are DIRECTED to submit a proposed judgment approved as to form on or before **July 8, 2011.**  If the parties cannot agree upon the form, each is DIRECTED to submit a proposed judgment.

       s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  July 1, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 1, 2011, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-13344.COLLINS.Cross.SJ.nkt.wpd