# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NAOMI COLLINS, Personal Representative of
the Estate of Edward Collins, Jr., Deceased,

    Plaintiff,

v.                                                             Case No. 10-13344

NATIONAL GENERAL INSURANCE
COMPANY, a/k/a GMAC INSURANCE,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

Pending before the court is Defendant National General Insurance Company's motion for reconsideration. At the direction of the court, Plaintiff Naomi Collins filed a response on August 17, 2011, and Defendant filed a reply on August 31, 2011. Having reviewed the briefs and exhibits, the court concludes no hearing on this motion is necessary. *See* E.D. Mich. LR 7.1(h)(2). For the reasons stated below, the court will deny Defendant's motion.

## I. BACKGROUND

Plaintiff Naomi Collins is the personal representative of the deceased policyholder and insured of Defendant. Prior to the insured's death, he entered a contract with Defendant for an uninsured motorist insurance policy ("National General Policy"). Among other things, the National General Policy provides for insurance coverage in the event of the insured's injury or death caused by another motorist whose insurer "denies coverage" for compensatory damages the insured is "legally entitled to

recover from the owner or operator" of the vehicle for which liability insurance coverage at the minimum level required by Michigan law is denied.  (Pl. Mot. Ex. A at Part C, § A.) Plaintiff alleges Defendant breached this contract provision.  Defendant argues that there was no denial of coverage upon which to base a claim under the National General Policy uninsured motorist provision.  Upon cross-motions and briefing by the parties, the court found that there existed just such a denial of coverage.  Defendant moved for reconsideration.

On July 29, 2009, the insured was riding a motorcycle when he was struck and killed by a car driven by Calvin Smith, who was intoxicated.  The vehicle which struck the insured was owned by Dorothy Lee Berrien, who had insured it in her name under a policy written by Citizens Insurance Company of the Midwest ("Citizens Policy"). However, the policy was obtained through a multitude of false statements, for which reason Citizens eventually rescinded the policy.  Plaintiff sought personal injury protection benefits from Citizens.  In a letter dated September 14, 2009, Citizens informed Plaintiff Naomi Collins that it was "denying Personal Injury Protection (PIP) benefits . . . because there was no coverage on the date of loss."  (Def. Mot. Ex. 7.)

Plaintiff brought suit against Smith and Berrien in Wayne County Circuit Court on October 1, 2009.  On January 26, 2010, Smith and Berrien tendered an offer of judgment in the amount of the minimum mandatory liability insurance coverage required under Michigan law.  (Def. Mot. Recons. Ex. C.)  Nothing in the record indicates whether Citizens participated, or agreed to coverage of such offer.  Although Citizens defended Smith and Berrien, it eventually commenced a separate declaratory judgment action on June 24, 2010.  In that action, Citizens sought a declaration of no liability for

any claims under the Citizens Policy, including those arising from Plaintiff's claims against Smith and Berrien. (Def. Mot. Ex. 3.) After summary disposition was denied, Citizens moved for rehearing, and its motion was granted. *Citizens Ins. Co. v. Jackson*, Case No. 10-007334-CK (Wayne Cnty. Cir. Ct. Jan. 11, 2011); (Def. Mot. Ex. 10). The Wayne County Circuit Court reformed the Citizens Policy to provide coverage of no more than the minimum required under Michigan law for Plaintiff's claims against Smith and Berrien, pursuant to Michigan Compiled Laws § 257.520(f)(1).

## II. STANDARD

Federal Rule of Civil Procedure 60 permits a court to grant relief from an order for several reasons, including "excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b). Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III. DISCUSSION

The court begins by acknowledging its use of shorthand phrases describing the somewhat unwieldy interactions among the various parties and nonparties. Defendant correctly notes that Plaintiff had no "claims" against Citizens. Instead, Plaintiff had claims against Smith and Berrien, who had contracted with Citizens for insurance coverage to indemnify against liability arising from claims such as those presented by Plaintiff. Even though Citizens had a direct financial interest in the resolution of Plaintiff's claims against Smith and Berrien, it never rejected any "claims" of Plaintiff. Citizens did, however, reject Plaintiff's assertions that the Citizens policy *covered* Plaintiff's claims against Smith and Berrien. This rejection of assertions of contractual obligations between nonparties Citizens, Smith, and Berrien in the event of the existence of liability was condensed by the court to a rejection of "Plaintiff's claims" by Citizens.

Although somewhat confusing, this terminology rests on a foundation of analysis recognizing that Plaintiff sought eventual indemnification of the tort liability of Smith and Berrien by Citizens, reasonably expecting that a judgment may be uncollectible from the named individuals. Equivocal language at places, without more, does not demonstrate a palpable defect because correcting it would not "result in a different disposition of the case." E.D. Mich. LR 7.1(H)(3).

The next defect suggested by Defendant does have some merit as a possible basis for the instant motion for reconsideration: the factual assertion that Citizens had offered to settle the case for $20,000 shortly after Plaintiff brought suit. (Def. Mot. Recons. Ex. C.) Plaintiff notes, and the court agrees, that a motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments

4

that could have been presented in the party's original briefing. *American Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003); *United States v. A.F.F.*, 144 F. Supp. 2d 809, 811 (E.D. Mich. 2001). Analogous to Federal Rule of Civil Procedure 59, motions for reconsideration under Local Rule 7.1(h) "are aimed at *re* consideration, not initial consideration." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Defendant could have presented the evidence of the offer when it originally moved for judgment, but for some reason did not do so.[1] Defendant could also have presented the evidence in its response and reply; again, it did not. Instead, Defendant chose not to present the only evidence supporting its bald assertions that Citizens never denied coverage. However, there does exist a one-line reference to the offer of judgment, without further detail, in the docket sheet of *Collins v. Smith*, Case No. 09-024063-NI (Wayne County Cir. Ct.). (Def. Resp. Ex. 9 at 3.) As the evidence does not rise to the level of showing a palpable defect, the court will consider this as new evidence without deciding whether it is properly presented on a motion for reconsideration. The court will further note that the proffered evidence would, at most, support only a finding of a genuine issue of material fact; it could not suffice to support summary judgment for Defendant.

---

[1] In its reply brief, Defendant stated that it "only learned of the offer of judgment recently." (Reply 3.) This contention, however, is undercut by exhibit 9 of Defendant's motion for summary judgment, the "Register of Actions" in *Collins v. Smith*, Case No. 09-024063-NI (Wayne County Cir. Ct.). Listed in the exhibit is a January 26, 2010, entry entitled "Offer of Judgment, Filed." Defendant must be presumed to have analyzed its exhibits before filing its motion for summary judgment. The court rejects the suggestion that Citizens did not know of the offer of judgment at the time the exhibit was filed.

5

Turning to the merit of Defendant's argument, the court finds it insufficient to grant reconsideration. An offer of judgment by Smith and Berrien alone for an amount that may be below the amount recoverable from Smith, Berrien, and Citizens through liability insurance coverage is not conclusive. Indeed, nothing on the face of the offer indicates that Citizens would have agreed to coverage of the judgment if accepted by Plaintiff. Simply because Citizens may have retained counsel to defend Smith and Berrien does not indicate that it would consent to pay the offered judgment. In fact, Citizens shortly thereafter sought a declaration of no liability, arguing only in the alternative for the statutorily required minimum coverage requirement. Therefore, this additional evidence fails to show a "palpable defect," even if considered as properly presented upon a motion for reconsideration.

Defendant's next arguments that rescinding the Citizens Policy alone did not deny coverage and that Plaintiff manipulated the underlying state court case to create an uninsured motorist both fail to establish grounds for reconsideration. These arguments present nothing more than a recitation of previously made arguments the court found unpersuasive. As noted above, Defendant's additional evidence is not as conclusive as it seems to Defendant. Nor does the court find some bar to recovery in Plaintiff's actions in state court to attempt to obtain more than the statutory minimum coverage from Citizens. Plaintiff's argument that Citizens could not reform its policy was no less sustainable than Citizens' argument for complete release from liability, including liability to Plaintiff for the statutory minimum coverage under Michigan Compiled Laws § 257.520(f)(1). These arguments have already been rejected by the court.

Defendant's argument that Plaintiff seeks to enjoy underinsured motorist insurance without having contracted for such coverage was likewise considered and rejected. Although the court would have been more clear using the abbreviation "UM" rather than "UIM" for Defendant's uninsured motorist policy, the term was defined in the order. Contrary to Defendant's assertion, this insertion of a letter does not "belie[] a deeper issue." (Def. Mot. Recons. 16.) The court's opinion recognized that only uninsured motorist insurance was purchased by Plaintiff, and the court adhered rigorously to the language chosen by Defendant in its own contract. The court considered, and rejected, the argument that a vehicle cannot be insured and uninsured simultaneously, stating:

> Where a contract defines a term, the contractual definition of the defined term controls over the common usage of the term. *Farm Bureau Mut. Ins. Co. of Michigan v. Nikkel*, 596 N.W.2d 915, 919-20 (Mich. 1999); *Group Ins. Co. of Michigan v. Czopek*, 489 N.W.2d 444, 447 (Mich. 1992). Whether a vehicle is "uninsured" as the term is colloquially used is irrelevant where the term is defined within the contract.

(7/1/2011 Order at 12.) Defendant must abide by the unambiguous terms of its contract. Just as the court's idiosyncratic but clear definition of "UIM Policy" controls the meaning of the court's prior order, so too the definition of an "uninsured motor vehicle" in Defendant's contract prevails over what might be more common usage of the term. A vehicle can indeed be both insured and uninsured at once. The apparent contradiction may seem to describe a sort of Schrödinger's insurance coverage, but the court lacks authority to redefine the unambiguous terms of a valid contract. *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 30-31 (Mich. 2005).

7

For similar reasons, the court's previous order does not contain a palpable defect in its interpretation of the term "denies coverage." Because the National General Policy does not define when an insurer "denies coverage," the court sought out its common usage. Although the court did not expressly define the term, Defendant's definition will suffice. To "deny coverage" is "to refuse to recognize or acknowledge [coverage]; disavow [coverage]; repudiate [coverage]." (Def. Mot. Recons. 17.) The court has already addressed the issue of whether Citizens denied coverage. Although immediate payment is not necessary, Citizens denied it was obligated to provide coverage to Plaintiff for any liability of the nonparty tortfeasors in the state court case. It refused to acknowledge its potential liability as indemnitor of its insured. It disavowed and repudiated coverage at the statutory minimum level, going beyond simply defending with a reservation of rights. Defendant asserts that Citizens could not deny coverage until Plaintiff had established the liability of the nonparty tortfeasors. However, Defendant's own argument would prevent Citizens from ever denying coverage to Plaintiff because its insurance contract is with its insured. This would not change simply because Plaintiff obtained a judgment against the insured. It is only "coverage," not a specific "claim" which Citizens "denied." However, Citizens did deny "coverage" of Plaintiff's claims against Smith and Berrien, which is to say that it denied the applicability of its insurance contract to Plaintiff's claims.

Because the court interprets the phrase "denies coverage" to include the actions of Citizens, the court's prior order does not introduce a new clause into the National General Policy. Nor does the order limit the effect of the provision of uninsured motorist coverage where the tortfeasor is insured below the minimum limits established by law.

Motor vehicles freely cross state boundaries, and may be subject to minimum insurance requirements of the states in which they are registered.  As the states may differ in the minimum level of liability coverage required, this clause is not rendered nugatory by the court's order.

None of Defendant's arguments demonstrate the existence of a "palpable defect" in the court's previous order.  Defendant simply clarifies its position that no denial of coverage can exist until an adjudication of liability of the uninsured motorist.  This is not required by the plain language of the National General Policy, and the court may not rewrite the language to impose such a savings clause for the benefit of either contracting party.  Therefore, the court will deny Defendant's motion for reconsideration.

## IV. CONCLUSION

IT IS ORDERED that Defendant's motion for reconsideration [Dkt # 28] is DENIED.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-13344.COLLINS.Reconsideration.nkt.wpd