UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAOMI COLLINS, Personal Representative of
the Estate of Edward Collins, Jr., Deceased,

    Plaintiff,

v.                                        Case No. 10-13344

NATIONAL GENERAL INSURANCE
COMPANY, a/k/a GMAC INSURANCE,

    Defendant.
                                                 /

**OPINION AND ORDER DENYING
DEFENDANT'S SECOND MOTION FOR RECONSIDERATION AND DENYING AS
MOOT DEFENDANT'S "MOTION FOR CONTEMPT"**

Pending before the court are two motions filed by Defendant National General Insurance Company: (1) a second motion for reconsideration; and (2) a motion to hold Citizens Insurance Company of the Midwest ("Citizens"), a nonparty, in contempt of court for failing to comply with a subpoena. On October 13, 2011, Citizens filed a response to Defendant's contempt motion. Having considered the briefs and exhibits, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2), (h)(2). For the reasons stated below, the court will deny both motions.

## I. BACKGROUND

Below is a brief summary of the facts as set forth in the court's previous order denying Defendant's first motion for reconsideration:

Plaintiff Naomi Collins is the personal representative of the deceased policyholder and insured of Defendant. Prior to the insured's death, he entered a

contract with Defendant for an uninsured motorist insurance policy ("National General Policy"). Among other things, the National General Policy provides for insurance coverage in the event of the insured's injury or death caused by another motorist whose insurer "denies coverage" for compensatory damages the insured is "legally entitled to recover from the owner or operator" of the vehicle for which liability insurance coverage at the minimum level required by Michigan law is denied. Plaintiff alleged Defendant breached this contract provision. Defendant argued that there was no denial of coverage upon which to base a claim under the National General Policy uninsured motorist provision. On July 1, 2011, the court granted summary judgment in favor of Plaintiff, and Defendant filed a motion for reconsideration on July 15, 2011. At the direction of the court, Plaintiff filed a response on August 17, 2011. The court denied Defendant's first motion for reconsideration on September 28, 2011, and now before the court is Defendant's second motion for reconsideration.

On July 29, 2009, the insured was riding a motorcycle when he was struck and killed by a car driven by Calvin Smith, who was intoxicated. The vehicle which struck the insured was owned by Dorothy Lee Berrien, who had insured it in her name under a policy written by Citizens. However, the policy was obtained through a multitude of false statements, for which reason Citizens eventually rescinded the policy. Plaintiff sought personal injury protection benefits from Citizens. In a letter dated September 14, 2009, Citizens informed Plaintiff Naomi Collins that it was "denying Personal Injury Protection (PIP) benefits . . . because there was no coverage on the date of loss.

Plaintiff brought suit against Smith and Berrien in Wayne County Circuit Court on October 1, 2009. *Collins v. Smith*, Case No. 09-024063-NI (Wayne Cnty. Cir. Ct.) On

January 26, 2010, Smith and Berrien tendered an offer of judgment in the amount of the minimum mandatory liability insurance coverage required under Michigan law. Nothing indicates whether Citizens agreed to coverage of such offer. Although Citizens defended Smith and Berrien, it eventually commenced a separate declaratory judgment action on June 24, 2010. In that action, Citizens sought a declaration of no liability for any claims under the Citizens Policy, including those arising from Plaintiff's claims against Smith and Berrien. After summary disposition was denied, Citizens moved for rehearing, and its motion was granted. *Citizens Ins. Co. v. Jackson*, Case No. 10-007334-CK (Wayne Cnty. Cir. Ct. Jan. 11, 2011). The Wayne County Circuit Court reformed the Citizens Policy to provide coverage of no more than the minimum required under Michigan law for Plaintiff's claims against Smith and Berrien, pursuant to Michigan Compiled Laws § 257.520(f)(1).

## II. STANDARD

Federal Rule of Civil Procedure 60 permits a court to grant relief from an order for several reasons, including "excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b). Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for

3

reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III. DISCUSSION

Defendant's second motion for reconsideration presents "the same issues ruled upon by the court" in the order denying Defendant's first motion for reconsideration. E.D. Mich. LR 7.1(h)(3). Defendant fails to present any new grounds for reconsideration, but challenges the court's holding that Defendant's argument regarding the offer of judgment in *Collins v. Smith*, Case No. 09-024063-NI (Wayne Cnty. Cir. Ct.), was not sufficient to rise to the level of showing a "palpable defect." In the September 28, 2011 order, the court alluded to two independent flaws in Defendant's offer of judgment evidence: (1) Defendant failed to timely present the offer of judgment as evidence that Citizens provided coverage to Plaintiff; and (2) even assuming, *arguendo*, that the offer of judgment was properly before the court on a motion for reconsideration, the evidence did not rise to the level of showing a "palpable defect." Defendant challenges each of these flaws, arguing that the evidence was properly presented on a motion for reconsideration, and alleging that the court admitted that the offer of judgment created a genuine issue of material fact.

### A. Timeliness of Presentation of Offer of Judgment Evidence

Throughout the litigation process, Defendant has been less than fully consistent concerning its discovery of the offer of judgment. In its reply brief to the first motion for reconsideration, filed on August 31, 2011, Defendant averred that it "only learned of the offer of judgment recently." The court rejected this statement, noting that exhibit nine of

Defendant's motion for summary judgment, which was filed on February 25, 2011, contained an entry entitled "Offer of Judgment, Filed." The court concluded that Defendant must be presumed to have reviewed its own exhibits before filing the motion for summary judgment, and therefore, Defendant had knowledge of the offer of judgment in February 2011. (09/28/2011 Order at 5 n.1.) In its current motion Defendant has thrown two other arguments at the wall. It asserts that it either presented the offer of judgment as evidence supporting its motion for summary judgment, or alternatively that the offer of judgment is new evidence properly before the court on a motion for reconsideration. Neither argument sticks.

Contrary to Defendant's argument, Defendant did not proffer the offer of judgment as evidence that Citizens provided coverage to Plaintiff until its first motion for reconsideration. Defendant asserts that simply because it attached the "Register of Actions" in *Collins v. Smith*, Case No. 09-024063-NI (Wayne Cnty. Cir. Ct.), as an exhibit to its motion for summary judgment, the offer of judgment was evidence before the court on summary judgment proving that Citizens provided coverage to Plaintiff. (Def.'s Second Mot. Recons. at 6.) The "Register of Actions" did contain a generic text entry entitled "Offer of Judgment, Filed," but Defendant did not aver in its motion for summary judgment that the offer of judgment listed in the "Register of Actions" was made by Citizens. Indeed, Defendant did not even mention the offer of judgment in the "Register of Actions" before filing its motion for reconsideration. Because Defendant never presented the offer of judgment as evidence supporting a finding that Citizens provided Plaintiff coverage in its motion for summary judgment, the court concludes that the evidence was not presented in Defendant's motion for summary judgment.

5

Further, the offer of judgment was not "newly discovered" evidence properly before the court on a motion for reconsideration. In denying Defendant's first motion for reconsideration, the court acknowledged the untimeliness of Defendant's offer of judgment evidence, but merely assumed, *arguendo,* that the offer of judgment was newly discovered evidence properly presented on a motion for reconsideration. Defendant now argues that the evidence was in fact newly discovered, and thus, properly before the court on reconsideration. After reviewing Defendant's brief, the court now concludes that the evidence was not properly presented on a motion for reconsideration.

"[A] motion for reconsideration is not an appropriate vehicle for raising new facts or arguments." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 811 (citing *Salopek v. Comm'r of Internal Revenue*, No. 99–9012, 2000 WL 350263, at *2 (10th Cir. Apr.5, 2000)). Like motions pursuant to Federal Rule of Civil Procedure 59, motions under Local Rule 7.1(h) "are aimed at *re* consideration, not initial consideration." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)). Here, Defendant had ample time and opportunity to discover and proffer the facts underlying the offer of judgment to the court, having had knowledge of the existence of the offer of judgment since at least February 2011. However, Defendant failed to present the offer of judgment argument in its original motion for summary judgment filed on February 25, 2011. It again failed to present the argument in its reply to Plaintiff's response to Defendant's motion for summary judgment filed on April 4, 2011. Defendant, whether as a result of strategy or neglect, waited to assert the argument until it filed its first motion for reconsideration,

and then unconvincingly asserted that it had "only learned of the offer of judgment recently."

Following the court's denial of the first motion for reconsideration, Defendant argues for the first time that it "presented the information it could gather to the Court at the first opportunity," and has attempted to discover the facts underlying the offer of judgment but Citizens has been uncooperative. (Def.'s Second Mot. Recons. at 5.) To support its claim, Defendant now proffers evidence that it issued a subpoena to Citizens on September 6, 2011, seeking the production of documents and a deposition of a Citizens representative familiar with the underlying state court case. (*Id.* at 4.) According to Defendant, Citizens failed to comply with the subpoena, and Defendant, simultaneously with its second motion for reconsideration, filed a motion asking the court to hold Citizens in contempt. (*See* Def.'s Mot. To Hold Citizens in Contempt.)

Defendant's argument that it presented the offer of judgment to the court at the "first opportunity" is not true. Despite having knowledge of the offer in February 2011, Defendant did not raise the issue until its motion for reconsideration, and in the interim filed numerous motions and briefs without ever raising the offer of judgment as a relevant issue. Additionally, the court finds Defendant's assertion that it diligently attempted to discover the facts underlying the offer of judgment unpersuasive. Defendant's first documented attempt—the subpoena served on Citizens in September 2011—to discover the facts related to the offer of judgment came more than seven months after Defendant filed its motion for summary judgment, more than two months after the court granted Plaintiff summary judgment, and more than one month after

Defendant filed its first motion for reconsideration. Thus, the evidence was not newly discovered, and is not properly presented on a motion for reconsideration.

### B. Offer of Judgment Did Not Create a "Palpable Defect" in the Court's September 28, 2011 Order

Defendant also argues that the court purportedly admitted that the offer of judgment created a genuine issue of material fact, and therefore, Plaintiff was not entitled to summary judgment. In the September 28, 2011 order, the court observed that the offer of judgment "would, at most, support only a finding of a genuine issue of material fact; it could not suffice to support summary judgment for Defendant." (09/28/2011 Order at 5.) Defendant mistakes this observation for a finding by the court that the offer of judgment created a genuine issue of material fact. The purpose of the court's statement, however, was only to frame the issue presented in Defendant's first motion for reconsideration.

The July 1, 2011 order challenged by Defendant ruled on two separate motions for summary judgment; the court granted Plaintiff's motion and denied Defendant's. Because Defendant challenged both rulings, the court placed Defendant's motion in the proper context. Specifically, the court stated that it would consider whether the evidence, if it had been properly presented, could have created a genuine issue of material fact sufficient to withstand Plaintiff's motion. The evidence, paltry as it was, could not support a grant of summary judgment in favor of Defendant. In other words, the challenged language did not purport to actually find a genuine issue of fact, but framed the issue as applying to Plaintiff's motion rather than Defendant's. This should be plainly evident from the subsequent paragraphs which proceeded to analyze that

issue. If the challenged language had, as the Defendant suggests, actually been a finding, the court would not have continued to discuss the issue and find that no "palpable defect" had been identified.

The court found that the offer of judgment, on its face, did not indicate that Citizens would agree to coverage of the judgment if accepted by Plaintiff because Citizens, shortly thereafter, sought a declaration of no liability. (*See* 09/28/2011 Order at 6.) The evidence presented by Defendant in its first motion for reconsideration was that Smith and Berrien made an offer of judgment in the underlying state court case. Even if the court were aware of the offer of judgment at the time Defendant filed its motion for summary judgment, the one-line, generic notation simply indicating that an offer of judgment was filed in the case against Smith and Berrien, not Citizens, did not create a material issue of fact. Because Defendant merely speculated, without offering any supporting evidence, that Citizens made the offer of judgment, the court concluded that the evidence, even if it had been properly presented, failed to show a "palpable defect."

### III. CONCLUSION

Defendant has not established that a "palpable defect" exists in the court's September 28, 2011 order, and thus, the court will deny Defendant's second motion for reconsideration. The court will also deny as moot Defendant's motion to hold Citizens in contempt. Accordingly,

IT IS ORDERED that Defendant's second motion for reconsideration [Dkt # 35 ] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Contempt" [Dkt. # 34] is DENIED AS MOOT.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-13344.COLLINS.Deny.Second.Reconsideration.jrc.2.wpd